UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------

OSWALDO N., JR.,

                      Plaintiff,         <u>DECISION AND ORDER</u>
                                               1:24-cv-07970-GRJ

       v.

COMMISSIONER OF SOCIAL SECURITY,

                      Defendant.
------------------------------------------------------

GARY R. JONES, United States Magistrate Judge:

In March of 2018, Plaintiff Oswaldo N., Jr.[1] applied for Disability Insurance Benefits under the Social Security Act. The Commissioner of Social Security denied the application.  Plaintiff, represented by Osborn Law, P.C., Daniel Adam Osborn, Esq., of counsel, commenced this action seeking judicial review of the Commissioner's denial of benefits under 42 U.S.C. §§ 405 (g) and 1383 (c)(3).  The parties consented to the jurisdiction of a United States Magistrate Judge. (Docket No. 8).

This case was referred to the undersigned on July 2, 2025.  Presently pending is Plaintiff's Motion for Judgment on the Pleadings pursuant to Rule 12 (c) of the Federal Rules of Civil Procedure. (Docket No. 14). For

---

[1] Plaintiff's name has been partially redacted in compliance with Federal Rule of Civil Procedure 5.2 (c)(2)(B) and the recommendation of the Committee on Court Administration and Case Management of the Judicial Conference of the United States.

the following reasons, Plaintiff's motion is due to be denied, and this case is dismissed.

## I. BACKGROUND

### A.    Administrative Proceedings

Plaintiff applied for benefits on March 26, 2018, alleging disability beginning January 18, 2018. (T at 10, 62).[2]  Plaintiff's application was denied initially and on reconsideration.  He requested a hearing before an Administrative Law Judge ("ALJ").  A hearing was held on October 2, 2019, before ALJ Martha Bower. (T at 43-57). On December 3, 2019, ALJ Bower issued a decision denying the application for benefits. (T at 7-21).  The Appeals Council denied Plaintiff's request for review on August 25, 2020. (T at 1-6).

Plaintiff commenced an action in the United States District Court for the Southern District of New York seeking judicial review of the denial of benefits.  On March 30, 2022, the Honorable Sarah L. Cave, United States Magistrate Judge, issued an Opinion and Order reversing the ALJ's decision and remanding the matter for further proceedings. (T at 455-80).

The Appeals Council entered a remand order on May 25, 2022. (T at 450-53).  A further administrative hearing was held on January 12, 2023,

---

[2] Citations to "T" refer to the administrative record transcript at Docket No. 11.

before ALJ Vincent M. Cascio. (T at 405-27).  On January 18, 2023, ALJ

Cascio issued a decision denying the application for benefits. (T at 387-

404).  Plaintiff filed a second action seeking judicial review.  On October 2,

2023, the Honorable Gary Stein, United States Magistrate Judge, approved

a Stipulation and Order reversing the denial of benefits and remanding for

further proceedings. (T at 628-29).

A third administrative hearing was held on March 7, 2024. (T at 585-

607). Plaintiff appeared with an attorney and testified. (T at 593-601). The

ALJ also received testimony from Linda Vause, a vocational expert. (T at

601-605).

B.    *ALJ's Decision*

On July 24, 2024, ALJ Cascio issued a second decision denying the

application for benefits. (T at 564-578).

The ALJ found that Plaintiff had not engaged in substantial gainful

activity since January 18, 2018 (the alleged onset date) and met the

insured status requirements of the Social Security Act through December

31, 2023 (the date last insured). (T at 570).

The ALJ concluded that, as of the date last insured, Plaintiff's

degenerative disc disease of the lumbar spine, chronic pain syndrome, and

asthma were severe impairments as defined under the Act. (T at 570).

However, the ALJ found that, as of the date last insured, Plaintiff did not have an impairment or combination of impairments that met or medically equaled one of the listed impairments in 20 CFR Part 403, Subpart P, Appendix 1. (T at 571).

At step four of the sequential analysis the ALJ determined that, as of the date last insured, Plaintiff retained the residual functional capacity ("RFC") to perform sedentary work, as defined in 20 CFR 404.1567 (a), with the following limitations: he can occasionally climb ramps and stairs, but never climb ladders, ropes, or scaffolds; occasionally kneel and crawl, but never stoop or crouch; cannot work at unprotected heights or with hazardous machinery; and must avoid exposure to respiratory irritants and poorly ventilated areas. (T at 572).

The ALJ concluded that, as of the date last insured, Plaintiff could not perform his past relevant work as a police officer. (T at 23). However, considering Plaintiff's age (43 on the date last insured), education (at least high school), work experience, and RFC, the ALJ determined that there were jobs that existed in significant numbers in the national economy that Plaintiff could have performed as of the date last insured. (T at 577).

As such, the ALJ found that Plaintiff had not been under a disability, as defined under the Social Security Act, and was not entitled to benefits

for the period between January 18, 2018 (the alleged onset date) and the date last insured. (T at 578).  ALJ Cascio's second decision is considered the Commissioner's final decision.

### C.    Procedural History

Plaintiff commenced this action, by and through his counsel, by filing a Complaint on October 19, 2024. (Docket No. 1).  On April 28, 2025, Plaintiff filed a motion for judgment on the pleadings, supported by a memorandum of law. (Docket Nos. 14, 15).  The Commissioner interposed a brief in opposition to the motion and in support of a request for judgment on the pleadings on July 8, 2025. (Docket No. 19).

## II.  APPLICABLE LAW

### A.    Standard of Review

"It is not the function of a reviewing court to decide de novo whether a claimant was disabled."  *Melville v. Apfel*, 198 F.3d 45, 52 (2d Cir. 1999). The court's review is limited to "determin[ing] whether there is substantial evidence supporting the Commissioner's decision and whether the Commissioner applied the correct legal standard."  *Poupore v. Astrue*, 566 F.3d 303, 305 (2d Cir. 2009) (per curiam).

The reviewing court defers to the Commissioner's factual findings, which are considered conclusive if supported by substantial evidence. *See*

42 U.S.C. § 405(g). "Substantial evidence" is "more than a mere scintilla" and "means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Lamay v. Commissioner of Soc. Sec.*, 562 F.3d 503, 507 (2d Cir. 2009) (internal quotations omitted) (quoting *Richardson v. Perales*, 402 U.S. 389, 401 (1971)).

"In determining whether the agency's findings are supported by substantial evidence, the reviewing court is required to examine the entire record, including contradictory evidence and evidence from which conflicting inferences can be drawn." *Talavera v. Astrue*, 697 F.3d 145, 151 (2d Cir. 2012) (internal quotations omitted).

"When there are gaps in the administrative record or the ALJ has applied an improper legal standard," or when the ALJ's rationale is unclear, remand "for further development of the evidence" or for an explanation of the ALJ's reasoning is warranted. *Pratts v. Chater*, 94 F.3d 34, 39 (2d Cir. 1996).

B.    *Five-Step Sequential Evaluation Process*

Under the Social Security Act, a claimant is disabled if he or she lacks the ability "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last

for a continuous period of not less than 12 months ...."  42 U.S.C. §

423(d)(1)(A).

A claimant's eligibility for disability benefits is evaluated pursuant to a

five-step sequential analysis:

1. The Commissioner considers whether the claimant is
currently engaged in substantial gainful activity.

2. If not, the Commissioner considers whether the claimant has
a "severe impairment" which limits his or her mental or physical
ability to do basic work activities.

3. If the claimant has a "severe impairment," the Commissioner
must ask whether, based solely on medical evidence, claimant
has an impairment listed in Appendix 1 of the regulations. If the
claimant has one of these enumerated impairments, the
Commissioner will automatically consider him disabled, without
considering vocational factors such as age, education, and
work experience.

4. If the impairment is not "listed" in the regulations, the
Commissioner then asks whether, despite the claimant's severe
impairment, he or she has residual functional capacity to
perform his or her past work.

5. If the claimant is unable to perform his or her past work, the
Commissioner then determines whether there is other work
which the claimant could perform.

See Rolon v. Commissioner of Soc. Sec., 994 F. Supp. 2d 496, 503

(S.D.N.Y. 2014); see also 20 C.F.R. §§ 404.1520(a)(4)(i)–(v),

416.920(a)(4)(i)–(v).

The claimant bears the burden of proof as to the first four steps; the burden shifts to the Commissioner at step five. *See Green-Younger v. Barnhart*, 335 F.3d 99, 106 (2d Cir. 2003). At step five, the Commissioner determines whether claimant can perform work that exists in significant numbers in the national economy. *See Butts v. Barnhart*, 416 F.3d 101, 103 (2d Cir. 2005); 20 C.F.R. § 404.1560(c)(2).

## III.  DISCUSSION

Plaintiff raises three main arguments in support of his request for reversal of the ALJ's decision.  First, Plaintiff argues that the ALJ's assessment of the medical opinion evidence was flawed, which undermines the RFC determination.  Second, he challenges the ALJ's consideration of his subjective complaints.  Third, Plaintiff contends that the ALJ relied on erroneous vocational expert testimony.  The Court will address each argument in turn.

### A.    *Medical Opinion Evidence*

"Regardless of its source, the ALJ must evaluate every medical opinion in determining whether a claimant is disabled under the [Social Security] Act." *Pena ex rel. E.R. v. Astrue*, No. 11-CV-1787 (KAM), 2013 WL 1210932, at *14 (E.D.N.Y. Mar. 25, 2013) (citing 20 C.F.R. §§ 404.1527(c), 416.927(d) (2020)) (internal quotation marks omitted).

In January of 2017, the Social Security Administration promulgated new regulations regarding the consideration of medical opinion evidence. The revised regulations apply to claims filed on or after March 27, 2017. *See* 20 C.F.R. § 404.1520c.  Because Plaintiff's application for benefits was filed after that date, the new regulations apply here.

The ALJ no longer gives "specific evidentiary weight to medical opinions," but rather considers all medical opinions and "evaluate[s] their persuasiveness" based on supportability, consistency, relationship with the claimant, specialization, and other factors. See 20 C.F.R. § 404.1520c (a), (b)(2).   The ALJ is required to "articulate how [he or she] considered the medical opinions" and state "how persuasive" he or she finds each opinion, with a specific explanation provided as to the consistency and supportability factors. See 20 C.F.R. § 404.1520c (b)(2).

Consistency is "the extent to which an opinion or finding is consistent with evidence from other medical sources and non-medical sources." *Dany Z. v. Saul*, 531 F. Supp. 3d 871, 882 (D. Vt. 2021)(citing 20 C.F.R. § 416.920c(c)(2)).  The "more consistent a medical opinion" is with "evidence from other medical sources and nonmedical sources," the "more persuasive the medical opinion" will be. See 20 C.F.R. § 404.1520c(c)(2).

Supportability is "the extent to which an opinion or finding is supported by relevant objective medical evidence and the medical source's supporting explanations." *Dany Z*, 531 F. Supp. 3d at 881. "The more relevant the objective medical evidence and supporting explanations presented by a medical source are to support his or her medical opinion(s) or prior administrative medical finding(s), the more persuasive the medical opinions or prior administrative medical finding(s) will be." 20 C.F.R. § 404.1520 (c)(1), 416.920c(c)(1).

In the present case, Dr. Michael Healy performed a consultative musculoskeletal examination in May of 2024. He diagnosed lower back pain (probable lumbar spinal intervertebral disc disruption with radiating pain to both lower extremities), hypertension, and history of asthma. (T at 822). In his narrative report, Dr. Healy opined that Plaintiff had "moderate" limitations with respect to standing, walking, bending, lifting, and climbing stairs, but did not find any limitation as to sitting. (T at 822). Dr. Healy also completed a check-box assessment form, in which he determined, *inter alia*, that Plaintiff was limited to sitting for 4 hours in an 8-hour day and standing/walking for 1 hour in an 8-hour day. (T at 824).

The ALJ found Dr. Healy's opinion "partially persuasive." (T at 576). Plaintiff contends that the ALJ's explanation for this conclusion was

insufficiently supported, and that greater persuasive weight should have been given Dr. Healy's assessment regarding his ability to meet the demands of sedentary work, including, in particular, sitting for prolonged periods.

The Court finds the ALJ's decision supported by substantial evidence and consistent with applicable law.  Here's why.

First, the ALJ relied on a reasonable reading of the record.  While the treatment notes generally documented pain and restricted movement, they likewise consistently showed normal gait, negative facet loading, negative straight leg raise testing, 4/5 or 5/5 muscle strength, and intact sensation and reflexes in the lower extremities. (T at 573-74, 292-93, 296, 310, 318, 320, 323, 332, 337, 341, 344, 346, 354, 356, 364, 367, 369).

Second, the ALJ's decision is supported by other medical opinion evidence.  Dr. Jay Dinovitser performed a consultative examination in May of 2018.  Dr. Dinovitser assessed low back pain, hypertension, and asthma. (T at 272).  He opined that Plaintiff had limitations in pushing and pulling; marked limitation as to bending; marked limitation in lifting and carrying; mild limitation with respect to sitting; moderate limitation walking and standing; and moderate limitation with stairs and climbing. (T at 272).

The ALJ found Dr. Dinovitser's opinion persuasive, noting its consistency with the treatment record (as outlined above) and Dr. Dinovitser's own examination findings. (T at 576). *See Petrie v. Astrue*, 412 Fed. App'x 401, 406 (2d Cir. 2011)("The report of a consultative physician may constitute … substantial evidence.").

Additional support for the ALJ's assessment is found in the June 2018 opinion of Dr. H. Miller, a non-examining State Agency review physician, who opined that Plaintiff could perform a range of light work with some postural limitations. (T at 64-65).

The ALJ considered this opinion "partially persuasive," concluding that subsequent evidence indicated a greater degree of limitation in Plaintiff's functioning, which the ALJ incorporated into the RFC determination. (T at 575-76). *See Baker o/b/o Baker v. Berryhill*, No. 1:15-CV-00943-MAT, 2018 WL 1173782, at *2 (W.D.N.Y. Mar. 6, 2018)("Where an ALJ makes an RFC assessment that is *more* restrictive than the medical opinions of record, it is generally not a basis for remand.")(emphasis in original)(collecting cases); *see also Rosa v. Callahan*, 168 F.3d 72, 29 (2d Cir. 1999)(noting that "the ALJ's RFC finding need not track any one medical opinion").

Third, to the extent there is evidence of greater limitation in Plaintiff's ability to sit for prolonged periods, courts in this Circuit have concluded that even moderate impairment in a claimant's ability to sit is not necessarily inconsistent with the ability to perform a range of sedentary work. *See Cash v. Kijakazi*, No. 21-cv-01105, 2023 WL 8719993, at *14 n.8 (S.D.N.Y. Mar. 22, 2023)(collecting cases); *Zacharopoulos v. Saul*, 516 F. Supp. 3d 211, 229 (E.D.N.Y. 2021); *see generally Halloran v. Barnhart*, 362 F.3d 28, 33 (2d Cir. 2004)("The regulations do not mandate the presumption that all sedentary jobs in the United States require the worker to sit without moving for six hours, trapped like a seat-belted passenger in the center seat on a transcontinental flight.").

Plaintiff offers an alternative reading of the record and a different weighing of the competing medical opinions.

For the reasons stated above, however, the Court finds the ALJ's decision supported by substantial evidence and it must therefore be sustained under the deferential standard of review applicable here. *See DuBois v. Comm'r of Soc. Sec.*, No. 20-CV-8422 (BCM), 2022 WL 845751, at *8 (S.D.N.Y. Mar. 21, 2022)("To be sure, there is some evidence in the record that would support the conclusion that plaintiff had greater limitations than those the ALJ built into her RFC. But that is not the test.");

*Brault v. SSA*, 683 F.3d 443, 448 (2d Cir. 2012) (per curiam)("The

substantial evidence standard means once an ALJ finds facts, [a court] can

reject those facts only if a reasonable factfinder would *have to conclude*

otherwise.")(emphasis in original) (citation and internal quotation marks

omitted).

### B. Subjective Complaints

A claimant's subjective complaints of pain and limitation are "an

important element in the adjudication of [social security] claims, and must

be thoroughly considered in calculating the [RFC] of a claimant." *Meadors*

*v. Astrue*, 370 F. App'x 179, 183 (2d Cir. 2010) (citation omitted); *see also*

20 C.F.R. § 416.929.

However, "the ALJ is … not required to accept the claimant's

subjective complaints without question." *Genier v. Astrue*, 606 F.3d 46, 49

(2d Cir. 2010) (citations omitted).

Rather, the ALJ "may exercise discretion in weighing the credibility of

the claimant's testimony in light of other evidence in the record." *Id*. (citation

omitted); *see also Henningsen v. Comm'r of Soc. Sec*., 111 F. Supp. 3d

250, 267 (E.D.N.Y. 2015) ("The ALJ retains discretion to assess the

credibility of a claimant's testimony regarding disabling pain and 'to arrive

at an independent judgment, in light of medical findings and other

evidence, regarding the true extent of the pain alleged by the claimant.'"
(quoting *Marcus v. Califano*, 615 F.2d 23, 27 (2d Cir. 1979))).

The ALJ follows a two-step process in evaluating a claimant's subjective complaints.

First, "the ALJ must decide whether the claimant suffers from a medically determinable impairment that could reasonably be expected to produce the symptoms alleged." *Genier*, 606 F.3d at 49 (citation omitted).

Second, "the ALJ must consider the extent to which the claimant's symptoms can reasonably be accepted as consistent with the objective medical evidence and other evidence of record." *Id*. (citation, alterations, and quotation marks omitted). The ALJ must "consider all of the available medical evidence, including a claimant's statements, treating physician's reports, and other medical professional reports." *Fontanarosa v. Colvin*, No. 13-CV-3285, 2014 U.S. Dist. LEXIS 121156, at *36 (E.D.N.Y. Aug. 28, 2014) (citing *Whipple v. Astrue*, 479 F. App'x 367, 370-71 (2d Cir. 2012)).

If the claimant's allegations of pain and limitation are "not substantiated by the objective medical evidence, the ALJ must engage in a credibility inquiry." *Meadors*, 370 F. App'x at 184.  This inquiry involves seven (7) factors: (1) the claimant's daily activities; (2) the location, duration, frequency, and intensity of the pain; (3) precipitating and

aggravating factors; (4) the type, dosage, effectiveness, and side effects of any medications taken to alleviate the pain; (5) any treatment, other than medication, that the claimant has received; (6) any other measures that the claimant employs to relieve the pain; and (7) other factors concerning the claimant's functional limitations and restrictions as a result of the pain. *See* 20 C.F.R. § 404.1529(c)(3)(i)-(vii)).

If the ALJ discounts the claimant's subjective complaints, the ALJ "must explain the decision to reject a claimant's testimony "with sufficient specificity to enable the [reviewing] Court to decide whether there are legitimate reasons for the ALJ's disbelief and whether [the ALJ's] decision is supported by substantial evidence." *Calzada v. Astrue*, 753 F. Supp. 2d 250, 280 (S.D.N.Y. 2010)(alterations in original, citations omitted).

Here, Plaintiff testified that he is unable to work due to chronic lumbar pain so severe he needs to lie down frequently throughout the day to obtain relief; limits his ability to perform activities such as sitting, standing, and bending; and prevents him from getting out of bed on some days. (T at 48-54, 415-18, 594, 599-600).  He also experiences significant side effects from medication (including anxiety and difficulty concentrating) and relies on family members to attend to household chores. (T at 48-54, 494-95).

The ALJ found that Plaintiff's medically determinable impairments could reasonably be expected to cause the alleged symptoms, but concluded that Plaintiff's statements as to the intensity, persistence, and limiting effects of those symptoms were not entirely consistent with the record. (T at 573).

For the following reasons the Court finds no reversible error in the ALJ's decision.

First, the ALJ found Plaintiff's complaints of disabling pain and limitation not fully consistent with the treatment record, which (as set forth above) the ALJ reasonably read as documenting some degree of pain and limitation, but with generally solid symptom management over time and clinical findings, including full or near full muscle strength, indicative of lesser limitation. (T at 573-75). *See McLaughlin v. Sec'y of Health, Educ. & Welfare,* 612 F.2d 701, 705 (2d Cir. 1980) (The "ALJ has the discretion to evaluate the credibility of a claimant and to arrive at an independent judgment, in light of medical findings and other evidence, regarding the true extent of the pain alleged by the claimant."),

Second, the ALJ's conclusion that Plaintiff could perform a reduced range of sedentary work is supported by a reasonable reconciliation of the

medical opinions, including the assessments of Dr. Miller and Dr. Dinovitser, as discussed above. (T at 575-76).

Lastly, the ALJ gave appropriate consideration to Plaintiff's activities of daily living, including driving and attending to self-care. (T at 572-73, 575).  Although ALJs must be careful not to overinterpret a claimant's ability to perform limited tasks as evidence of the ability to maintain full-time, competitive, remunerative work, the regulations expressly permit consideration of the claimant's "daily activities" when assessing their subjective complaints. *See* 20 C.F.R. § 404.1529(c)(3)(i).

A claimant's "normal range of activities" may be relied upon as evidence that the claimant "retains a greater functional capacity than alleged." *Smoker v. Saul*, No. 19-CV-1539-AT-JLC, 2020 WL 2212404, at *17 (S.D.N.Y. May 7, 2020)(citation omitted).

In particular, "[e]vidence that a plaintiff is capable of participating in various activities of daily living despite allegations of severe pain can support a determination that a plaintiff can perform sedentary work." *Niven v. Barnhart*, No. 03 CIV. 9359DLC, 2004 WL 1933614, at *6 (S.D.N.Y. Sept. 1, 2004)(citing *Rivera v. Harris*, 623 F.2d 212, 216 (2d Cir. 1980)); *see also Rutkowski v. Astrue*, 368 Fed. App'x 226, 230 (2d Cir. 2010) (affirming ALJ's determination in light of "substantial evidence … showing

that [claimant] was relatively 'mobile and functional,' and that … allegations of disability contradicted the broader evidence"); *Ashby v. Astrue,* No. 11 CIV. 02010 RMB DF, 2012 WL 2477595, at *15 (S.D.N.Y. Mar. 27, 2012), *report and recommendation adopted,* No. 11 CIV. 2010 RMB DCF, 2012 WL 2367034 (S.D.N.Y. June 20, 2012)("As it appears that, in making his credibility assessment, the ALJ appropriately considered Plaintiff's ability to engage in certain daily activities as one factor, among others suggested by the regulations, this Court finds no legal error in this aspect of the ALJ's analysis.").[3]

Lastly, although Plaintiff suffers from significant pain and limitation the ALJ did not dismiss Plaintiff's subjective complaints and, instead, found him limited to a reduced range of sedentary work. (T at 572).

However, "disability requires more than mere inability to work without pain." *Dumas v. Schweiker*, 712 F.2d 1545, 1552 (2d Cir. 1983).

---

[3] Plaintiff also alleges that the ALJ erred in considering his complaints of side effects. Although the ALJ could have addressed this issue in more detail in an otherwise thorough review and extensive discussion of the treatment record and opinion evidence, the Court finds no reason for remand due to the lack of evidence that Plaintiff complained of side effects. Indeed, the record describes Plaintiff as "doing well" and documents symptom improvement in 2018 and 2019 "without significant side effects from … medication." (T at 574, 308, 318, 332, 339, 354, 369). In addition, Plaintiff's complaints of side effects such as anxiety and difficulty concentrating are inconsistent with treatment records in which he denied anxiety, fatigue, and headaches. (T at 291, 301, 309, 319, 336, 350, 355, 363, 368). *See Cichocki v. Astrue*, 729 F.3d 172, 178 n.3 (2d Cir. 2013)("An ALJ need not recite every piece of evidence that contributed to the decision, so long as the record 'permits us to glean the rationale of an ALJ's decision.'")(quoting *Mongeur v. Heckler*, 722 F.2d 1033, 1040 (2d Cir. 1983)).

"Otherwise, eligibility for disability benefits would take on new meaning." *Id.*

Here, the ALJ offered specific support for the decision to discount Plaintiff's subjective complaints, including a reasonable reading of the treatment notes and clinical assessments, an appropriate reconciliation of the medical opinion evidence, and proper consideration of the activities of daily living.

This is sufficient to sustain the disability determination under the deferential standard of review applicable here. *See Stanton v. Astrue,* 370 Fed App'x 231, 234 (2d Cir. 2010)(stating that courts will not "second-guess the credibility finding . . . where the ALJ identified specific record-based reasons for his ruling"); *Hilliard v. Colvin*, No. 13 Civ. 1942, 2013 U.S. Dist. LEXIS 156653, at *48 (S.D.N.Y. Oct. 31, 2013)(finding that ALJ "met his burden in finding [subjective] claims not entirely credible because [claimant] remains functional in terms of activities of daily living and the objective medical evidence fails to support her claims of total disability based on pain").

C.    *Step Five Analysis*

At step five of the sequential analysis, the Commissioner determines whether the claimant can perform work that exists in significant numbers in

the national economy.  The Commissioner bears the burden of proof at this step. *See Butts*, 416 F.3d at 103; 20 C.F.R. § 404.1560(c)(2).

In the present case, the ALJ found that there were jobs that existed in significant numbers in the national economy that Plaintiff could have performed as of the date last insured. (T at 577).

In reaching this conclusion, the ALJ relied on the opinion of a vocational expert, who testified that a hypothetical claimant with the limitations set forth in the RFC determination could perform the representative occupations of information clerk, document preparer, and call out operator, which existed in significant numbers in the national economy as of the date last insured. (T at 577-78, 601-605).

Plaintiff objects to the representative occupations as obsolete and to the vocational expert's testimony as based on outdated information.

While some courts have expressed concern in cases where the ALJ relied on representative occupations that appeared to be obsolete, *see, e.g., Feeley v. Comm'r of Soc. Sec*., No. CIV. 14-4970 KM, 2015 WL 3505512, at *11 (D.N.J. June 3, 2015); *Maldonado v. Comm'r of Soc. Sec*., No. 21-CV-7594 (RWL), 2023 WL 243617, at *10 (S.D.N.Y. Jan. 18, 2023); *Applefeld v. Comm'r, Soc. Sec. Admin*., No. CV SAG-17-517, 2018 WL 1136571, at *5, n. 1 (D. Md. Mar. 1, 2018); *Lynch v. O'Malley*, No. 22-CIV-

5620-CS-AEK, 2024 WL 728483, at *14 (S.D.N.Y. Feb. 21, 2024), other courts, including the Second Circuit in an unpublished decision,  have declined to accept this type of argument, finding that the ALJ is entitled to rely on the vocational expert's testimony and refusing to make a judicial finding as to whether an occupation is obsolete. *See Bavaro v. Astrue*, 413 F. App'x 382, 384 (2d Cir. 2011)("We decline Bavaro's invitation to take judicial notice of the decline of the photofinishing industry and deem the position infeasible for her. A vocational expert testified to the existence of such jobs at the national and regional level. The ALJ was entitled to credit that testimony … and we will not disturb that finding based upon Bavaro's conclusory proclamations to the contrary."); *see also Angi W. v. Comm'r of Soc. Sec.*, No. 21 Civ 0557 (CJS), 2023 WL 2595008, at *11 (W.D.N.Y. Mar. 22, 2023) ("[T]he Court would be loath to conduct its own analysis of job types and job availability and second guess the vocational expert's conclusions."); *Lucius R. v. O'Malley*, No. 3:22-CV-01312-MPS, 2024 WL 1200181, at *22 (D. Conn. Jan. 22, 2024); *Medranda v. O'Malley*, No. 23 CIV. 6633 (SLC), 2024 WL 4100567, at *8 (S.D.N.Y. Sept. 6, 2024)("The Court is not the proper authority to assess the types of jobs Ms. Medranda could perform and how many positions exist in the national economy.").

On June 22, 2024, the Social Security Administration issued an "Emergency Message" imposing heightened requirements on ALJs considering certain representative occupations "whose continued widespread existence multiple courts have questioned." *See Denise W. v. Comm'r of Soc. Sec*., No. 23-CV-1098S, 2025 WL 322249, at *7 n.4 (W.D.N.Y. Jan. 29, 2025)(quoting Soc. Sec. Admin. Emergency Message (EM)-24027.  When faced with one of the designated occupations, the ALJ is required to obtain additional evidence that the occupation's requirements, as presently performed, are consistent with the claimant's RFC and that the position still exists in the national economy in numbers that alone, or in combination with other representative occupations, are significant. *See Coles v. Comm'r of Soc. Sec*., No. 24-CV-6119 (OEM), 2025 WL 2024366, at *6 (E.D.N.Y. July 21, 2025). The Emergency Message identifies document preparer (one of the positions identified by the vocational expert in this case) as a potentially obsolete occupation. *See* EM-24027, at

https://secure.ssa.gov/apps10/reference.nsf/links/01062025092030AM (last accessed on July 23, 2025).

Nonetheless, the Court finds that the ALJ satisfied his heighted duty of inquiry regarding the document preparer position.  The ALJ specifically

asked the vocational expert whether the document preparer position was

"done in a more modern format now…." (T at 604).  The vocational expert

testified that the position was performed somewhat differently based on

technological changes, but testified that in her expert opinion, "even though

it's using technology and scanning, it would still be performed at the

sedentary unskilled level." (T at 604).  She also testified that the position

remains available in significant numbers in the national economy. (T at

604).

In the alternative, even if the position of document preparer is

considered obsolete, the ALJ's step five analysis is sufficiently supported

by the other two positions identified by the vocational expert (information

clerk and call out operator), neither of which are included on the list of

potentially obsolete occupations identified in the Emergency Message. *See*

*Bavaro*, 423 F. App'x at 384 ("The Commissioner need show only one job

existing in the national economy that Bavaro can perform."); *Angi W. v.*

*Comm'r of Soc. Sec.*, No. 21-CV-0557 (CJS), 2023 WL 2595008, at *11

(W.D.N.Y. Mar. 22, 2023)("[A]lthough vocational experts customarily offer

three jobs that a claimant perform as part of their testimony, the ALJ does

not have a corresponding duty to find that each of the three jobs offer

significant numbers of jobs in the national economy: one occupation is

sufficient."); *Crespo v. O'Malley*, No. 22 CIV. 954 (SLC), 2024 WL 1255431, at \*8 (S.D.N.Y. Mar. 25, 2024).

## IV.  CONCLUSION

For the foregoing reasons, Plaintiff's Motion for Judgment on the Pleadings (Docket No. 14) is DENIED; the Commissioner's request for judgment on the pleadings is GRANTED; and this case is DISMISSED. The Clerk is directed to enter final judgment in favor of the Commissioner and then close the file.

Dated: July 23, 2025                    *s / Gary R. Jones*
                                        GARY R. JONES
                                        United States Magistrate Judge